THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY BARRY, | CASE NO. C19-1946-JCC |
| Plaintiff, | ORDER |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 10). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.    BACKGROUND

On October 28, 2018, Plaintiff's home was damaged when a defective interior waterline and valve to a dishwasher overflowed. (Dkt. No. 1-2 at 3.) According to Plaintiff, she promptly notified Defendant, her insurer, and made a claim under her insurance policy. (*Id.* at 4.) Defendant allegedly "agreed to pay approximately $18,000 for the damages to repair the insured's structure." (*Id.*) Plaintiff's general contractor, however, estimated that damages to the home exceeded $30,000. (*Id.* at 5.) Defendant apparently disputed this estimate and invoked the appraisal clause in Plaintiff's insurance policy. (*Id.* at 5.) The appraisers determined that the

property had suffered damage "in excess of $25,000." (*Id.* at 5.)

On October 22, 2019, Plaintiff filed a complaint against Defendant in Snohomish County Superior Court, seeking damages due to (1) breach of contract; (2) violation of Washington's Insurance Fair Conduct Act ("IFCA"), Wash. Rev. Code §§ 48.30.010, 015; (3) insurance bad faith; (4) negligent claim handling; and (5) violation of Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq.* (*Id.* at 7–10.) Plaintiff did not specify the precise amount of damages that she sought. (*See id.* at 10–11.) Instead, Plaintiff appeared to ask for monetary damages from the following sources: (1) the unspecified amount of the appraisal award that Defendant had "not satisfactorily paid" at the time Plaintiff filed the complaint, (*see id.* at 5); (2) the costs of hiring an appraiser, (*see id.*); (3) "additional expenses for clean-up, abatement, as well as mitigation of damages caused by Safeco's failure to pay contract benefits," (*see id.*); and (4) "enhanced damages" pursuant to IFCA and the CPA, (*see id.* at 10). Plaintiff also sought attorney fees and costs pursuant to IFCA, the CPA, and *Olympic Steamship Co. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991). (*See id.* at 7–10.)

On October 28, 2019, Plaintiff served her complaint on Defendant. (Dkt. No. 1 at 7.) On November 27, 2019, Defendant removed the case on the basis that the parties were diverse and the amount in controversy exceeded $75,000. (Dkt. No. 1 at 4.) Plaintiff now moves to remand. (Dkt. No. 10.)

## II. DISCUSSION

The posture of this case is unusual. After Plaintiff filed her motion to remand arguing that the amount in controversy was not met, Defendant stipulated that the case should be remanded to the Snohomish County Superior Court. Not satisfied with that outcome, Plaintiff asks the Court to require Defendant to pay the costs and expenses, including attorney fees, that Plaintiff incurred due to Defendant removing the case. (*See* Dkt. No. 13 at 3.) The Court declines to do so.

A court may award a plaintiff their attorney fees and costs associated with removal

"where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see* 28 U.S.C. § 1447(c). Here, Defendant sought removal on the basis that the parties were diverse and the amount in controversy exceeded $75,000. (Dkt. No. 1 at 4.) Neither party disputes that the parties are diverse. The question, then, is whether Defendant had an objectively reasonable basis to believe that the amount in controversy exceeded $75,000.

The amount in controversy is "not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, the amount in controversy is the "damages that are *claimed*" by the plaintiff and "all [other] relief a court may grant on th[e] complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415, 417 (9th Cir. 2008) (emphasis added). That relief includes plaintiff's actual damages, statutorily authorized treble damages, and attorney fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that a court must take into account the availability of treble damages); *Kido v. Transamerica Life Ins. Co.*, C19-1858-JCC, Dkt. No. 18 at 4–5 (W.D. Wash. 2020) (concluding that attorney fees available under state common law are also included in the amount in controversy).

In this case, Defendant reasonably believed based on the relief Plaintiff sought at the time of removal that the amount in controversy exceeded $75,000. As discussed above, that relief came from five sources. Defendant appears to have assumed that one of those sources—the amount of the appraisal award that Defendant had not yet paid—exceeded $25,000. (*See* Dkt. No. 1 at 5.) That assumption was mistaken, and Defendant should have known that it had already paid $16,196.90 of the $24,945.75 appraisal award. (*See* Dkt. No. 13 at 2.) But Plaintiff also sought damages due to the costs of hiring an appraiser—costs that Plaintiff acknowledges might

have exceeded $3,260.66. (*See* Dkt. No. 10 at 9–10.) The damages from those two sources could be trebled under Wash. Rev. Code § 48.30.015(2). Consequently, Plaintiff appears to be claiming roughly $36,000 in damages from those sources alone. Given that Plaintiff also seeks both damages for repairs made to Plaintiff's property and attorney fees, which rack up quickly in even the smallest of cases, Defendant's decision to remove was reasonable.[1]

Although Defendant reasonably decided to remove this case, Defendant has stipulated to remand. The Court will not second guess that decision. It will, however, remand the case without an award of attorney fees or costs.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (Dkt. No. 10) and DIRECTS the Clerk to remand this case to Snohomish County Superior Court. The Court DECLINES to award Plaintiff any costs or expenses.

DATED this 19th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defendant did not offer an estimate of the damages Plaintiff might be claiming for the repairs she made to her home, nor did Defendant offer an estimate of the attorney fees that Plaintiff might seek. (*See generally* Dkt. No. 1.) As a result, Defendant likely failed to carry its burden of showing "by a preponderance of the evidence[] that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. Of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013). (The Court need not decide that issue because the parties have stipulated to remand.) However, whether Defendant carried its burden is distinct from whether it was reasonable for Defendant to remove. Under the circumstances, it was reasonable for Defendant to remove because Plaintiff sought roughly $36,000 in trebled damages, an unknown amount of additional damages, and attorney fees. (*See* Dkt. No. 5, 7–11.)